UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY R. LEBLANC,

       Plaintiff,

                                      CASE NO. 2:15-cv-12377
v.                                    HONORABLE SEAN F. COX

ELIZABETH M. RIVARD,

       Defendant.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS (docket no. 2)
AND DISMISSING THE COMPLAINT (docket no. 1)
WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g)**

**I. Introduction**

This matter has come before the Court on plaintiff Jeffrey R. LeBlanc's *pro se* civil rights complaint under 42 U.S.C. § 1983 and Plaintiff's application to proceed without prepayment of the fees and costs for this action. Plaintiff is a state prisoner at Macomb Regional Correctional Facility in New Haven, Michigan. Defendant Elizabeth M. Rivard is an assistant attorney general for the State of Michigan with an office in Lansing, Michigan.

The complaint alleges that, on April 23, 2015, Ms. Rivard filed a response in a habeas corpus case after Ms. Laura Moody filed an appearance in the case. Plaintiff claims that Ms. Rivard failed to file either an appearance or a notice of substitution of counsel in the habeas case and, therefore, the Court did not have jurisdiction. Plaintiff seeks $250,000.00 in damages for Ms. Rivard's alleged malpractice and negligence.

He also seeks to have Ms. Rivard suspended from the practice of law or held in contempt of court.

## II. Discussion

As noted above, Plaintiff would like permission to proceed with this action without prepayment of the filing fee and other costs. A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). However,

> a special "three strikes" provision [of § 1915] prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g)). An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Ritter v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

A review of Plaintiff's litigation history in federal court reveals that more than three of his previous cases were dismissed as frivolous or for failure to state a claim. *See LeBlanc v. Schuette*, No. 2:15-cv-10555 (E.D. Mich. Feb. 17, 2015); *LeBlanc v.*

*Moody*, No. 2:15-cv-10469 (E.D. Mich. Feb. 18, 2015); *LeBlanc v. Kalamazoo County Sheriff*, No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v. Michigan*, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); and *LeBlanc v. Kalamazoo County Government*, No. 1:14-cv-308 (W.D. Mich. May 21, 2014). In several other cases that were filed and closed before Plaintiff signed and dated his complaint in this case on June 25, 2015, Plaintiff was denied leave to proceed *in forma pauperis* because he has three "strikes" under 28 U.S.C. § 1915(g). *See LeBlanc v. Lightvoet*, No. 2:15-cv-12127 (E.D. Mich. June 19, 2015); *LeBlanc v. Robert G. Cotton Correctional Facility*, No. 2:15-cv-12060 (E.D. Mich. June 12, 2015); *LeBlanc v. Jonker*, No. 2:15-cv-12059 (E.D. Mich. June 11, 2015); *LeBlanc v. Dep't of Corr.*, No. 2:15-cv-12025 (E.D. Mich. June 11, 2015); *LeBlanc v. Barber*, No. 2:15-cv-12023 (E.D. Mich. June 12, 2015); *LeBlanc v. Arwood*, No. 2:15-cv-12021 (E.D. Mich. June 11, 2015); *LeBlanc v. Federal Government*, 5:15-cv-10706 (E.D. Mich. Mar. 19, 2015); and *LeBlanc v. Romanowski*, No. 2:15-cv-10483 (E.D. Mich. Mar. 2, 2015).

As a result of Plaintiff's prior "strikes," he may not proceed without prepayment of the fees and costs for this action unless he was in "imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). He has not alleged that he was in imminent danger of serious physical injury at the time, and nothing in the complaint suggests that he was facing a real and proximate threat of serious physical injury when he filed his complaint. Thus, he may not proceed without prepayment of the filing fee for this action.

### III. Conclusion and Order

More than three of Plaintiff's cases have been dismissed as frivolous or for failure to state a claim for which relief may be granted, and Plaintiff does not fall within the exception to § 1915(g) for prisoners who are in imminent danger of serious physical injury. The Court therefore denies Plaintiff's application to proceed without prepayment of fees and costs (document no. 2) and summarily dismisses his complaint (document no. 1) without prejudice pursuant to 28 U.S.C. § 1915(g). The Court also certifies that an appeal from this order could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

Dated: July 21, 2015
s/ Sean F. Cox
Sean F. Cox
United States District Judge

I hereby certify that on July 21, 2015, the document above was served on counsel of record via electronic means and upon Jeffrey LeBlanc via First Class Mail at the address below:

JEFFREY LEBLANC 333019
MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD
NEW HAVEN, MI 48048

s/ J. McCoy
Case Manager